**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VINCENT TORMENIA,

     Plaintiff,

v.                                                    CASE NO.

LVNV FUNDING, LLC
AND
CONVERGENT OUTSOURCING, INC.,

     Defendants.

_____

## **COMPLAINT**

1.      Unwanted "Robocalls" are the #1 consumer complaint in America today.

2.      The people complaining about harassing robocalls is increasing at an alarming rate. In 2015, 2,125,968 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2016 this number was 3,401,614 2016 and in 2017 it was 4,501,967.[1]

3.      The Defendants, LVNV Funding, LLC and Convergent Outsourcing, Inc, robocalled the Plaintiff over 500 times.

4.      The Defendants, LVNV Funding, LLC and Convergent Outsourcing, Inc., each have a corporate policy to robocall people thousands of times.

5.       "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years

137 Cong. Rec. 30, 821 (1991).   Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014).  Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6.      Plaintiff, Vincent Tormenia, alleges Defendants,  LVNV Funding, LLC and Convergent Outsourcing, Inc., (hereinafter referred to collectively as "Defendants"), robocalled him more than 500 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and Invasion of Privacy ("IOP").

7.      Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8.      The TCPA was enacted to prevent companies like Defendants from invading American citizens' privacy and prevent illegal robocalls.

9.      Congress enacted the TCPA to prevent real harm.  Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243,

§§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10.    According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

11.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

12.    Violations described in the Complaint occurred while Plaintiff was in St. Petersburg, Florida.

## FACTUAL ALLEGATIONS

13.    Plaintiff is a natural person and citizen of the State of Florida, residing in St. Petersburg, Florida.

14.    Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

15.    Plaintiff is an "alleged debtor."

16.    Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

17.    Defendant, LVNV Funding, LLC, is a foreign limited liability company with its principal place of business in Las Vegas Nevada, and conducts business in the State of Florida.

3

18.     Defendant, LVNV Funding, LLC, is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

19.     Defendant, Convergent Outsourcing, Inc., is a corporation with its principal place of business in Renton, Washington, and conducts business in the State of Florida.

20.     Defendant, Convergent Outsourcing, Inc., is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

21.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

22.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (917) 749-8935.

23.     Plaintiff is the regular user of the home telephone number at issue, (727) 367-8284.

24.     Plaintiff was the "called party" during each phone call subject to this lawsuit.

25.     Defendant, LVNV Funding, LLC, intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

26.     "Express consent" is narrowly construed by the Courts.

27.     Defendant, LVNV Funding, LLC, did not have the "express consent" of the Plaintiff to call his cell phone.

28.     It is the Defendant, LVNV Funding, LLC,'s, burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system" (ATDS).

4

29.     It is the Defendant,  LVNV Funding, LLC,'s, burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an ATDS for each account they were calling on.

30.     Defendant, LVNV Funding, LLC, was put on notice Plaintiff did not want the Defendant contacting him.

31.     In or about July of 2016, Plaintiff spoke to the Defendant, LVNV Funding, LLC, and told the Defendant not to call him regarding this debt as the debt had been previously discharged through a bankruptcy proceeding.

32.     Defendant, LVNV Funding, LLC,  did not have the express consent of the Plaintiff to call him on the accounts they called him on.

33.     Plaintiff expressly revoked any express consent Defendant, LVNV Funding, LLC, may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

34.     Defendant, LVNV Funding, LLC, attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

35.     Defendant, LVNV Funding, LLC, made at least one call to (917) 749-8935.

36.     Defendant, LVNV Funding, LLC, made at least one call to (727) 367-8284.

37.     Defendant, LVNV Funding, LLC, made at least one call to (917) 749-8935 and using an ATDS.

38.     Defendant, LVNV Funding, LLC,  made at seventy-five (75) calls to  (917) 749-8935.

39.     Defendant, LVNV Funding, LLC,  made at seventy-five (75) calls to (727) 367-8284.

40.     Defendant, , LVNV Funding, LLC,  made at least seventy-five (75) calls to (917) 749-8935 using an ATDS.

41.     Defendant, LVNV Funding, LLC,  made at least one hundred and fifty (150) calls to (917) 749-8935.

42.     Defendant, LVNV Funding, LLC,  made at least one hundred and fifty (150) calls to (727) 367-8284.

43.     Defendant, LVNV Funding, LLC,  made at least one hundred and fifty (150) calls to (917) 749-8935 using an ATDS.

44.     Defendant, LVNV Funding, LLC,  made at least three hundred (300) calls to (917) 749-8935.

45.     Defendant, LVNV Funding, LLC,  made at least three hundred (300) calls to (727) 367-8284.

46.     Defendant, LVNV Funding, LLC,  made at least three hundred (300) calls to (917) 749-8935 using an ATDS.

47.     Each call the Defendant, LVNV Funding, LLC, made to (917) 749-8935 in the last four years was made using an ATDS.

48.     Each call the Defendant, , LVNV Funding, LLC, made to the Plaintiff's home and cell phone was done so without the "express permission" of the Plaintiff.

49.     Defendant,  LVNV Funding, LLC, has called other people's cell phones without their express consent.

50.     Each call the Defendant, LVNV Funding, LLC, made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without

human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

51.     The calls at issue were placed by the Defendant, LVNV Funding, LLC, using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

52.     Plaintiff repeatedly requested the Defendant to stop calling both his home phone and  his cell phone, however, the Defendant, LVNV Funding, LLC, continued to make calls.

53.     Defendant, LVNV Funding, LLC,  has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

54.     Plaintiff's conversations with the Defendant, LVNV Funding, LLC, putting them on notice that he did not want more phone calls were ignored.

55.     Defendant, LVNV Funding, LLC,  has recorded at least one conversation with the Plaintiff.

56.     Defendant, LVNV Funding, LLC, has recorded numerous conversations with the Plaintiff.

57.     Defendant, LVNV Funding, LLC,  has made approximately three hundred (300) calls to Plaintiff's aforementioned cellular telephone numbers since in or about July of 2016 which will be established exactly once Defendant turns over their dialer records.

58.     Despite actual knowledge of their wrongdoing, the Defendant, LVNV Funding, LLC,  continued the campaign of abusive robocalls.

59.     Defendant, LVNV Funding, LLC, has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

60.     By effectuating these unlawful phone calls, Defendant, LVNV Funding, LLC., has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

61.     Defendant, LVNV Funding, LLC's, aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his home and cellular telephone line, by intruding upon Plaintiff's seclusion.

62.     Defendant, LVNV Funding, LLC's, phone calls harmed Plaintiff by wasting his time.

63.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

64.     Defendant, LVNV Funding, LLC's, corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

65.     Defendant, LVNV Funding, LLC's, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned home and cellular numbers removed from the call list.

66.     Defendant, LVNV Funding, LLC., has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

67.     Defendant, Convergent Outsourcing, Inc., intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

68.     Defendant, Convergent Outsourcing, Inc., did not have the "express consent" of the Plaintiff to call his home or cell phone.

69.     It is the Defendant, Convergent Outsourcing, Inc.'s, burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system" (ATDS).

70.     It is the Defendant, Convergent Outsourcing, Inc.'s, burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an ATDS for each account they were calling on.

71.     Defendant, Convergent Outsourcing, Inc., was put on notice Plaintiff did not want the Defendant contacting him.

72.     In or about January of 2018, Plaintiff started receiving calls from the Defendant, Convergent Outsourcing, Inc., and Plaintiff told the Defendant not to call him regarding this debt as the debt had been previously disposed of through a bankruptcy proceeding.

73.     Defendant, Convergent Outsourcing, Inc., did not have the express consent of the Plaintiff to call him on the accounts they called him on.

74.     Plaintiff expressly revoked any express consent Defendant, Convergent Outsourcing, Inc., may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned home and cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

75.     Defendant, Convergent Outsourcing, Inc., attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

76.     Defendant, Convergent Outsourcing, Inc., made at least one call to (917) 749-8935 and (727) 367-8284.

77.     Defendant, Convergent Outsourcing, Inc., made at least one call to (727) 367-8284.

78.     Defendant, Convergent Outsourcing, Inc.,  made at least one call to (917) 749-8935 using an ATDS.

79.     Defendant, Convergent Outsourcing, Inc., made at least one hundred (100) calls to (917) 749-8935.

80.     Defendant, Convergent Outsourcing, Inc., made at least one hundred (100) calls to (727) 367-8284.

81.     Defendant, Convergent Outsourcing, Inc., made at least one hundred (100) calls to (917) 749-8935 using an ATDS.

82.     Defendant, Convergent Outsourcing, Inc., made at least two hundred (200) calls to (917) 749-8935.

83.     Defendant, Convergent Outsourcing, Inc., made at least two hundred (200) calls to (727) 367-8284.

84.     Defendant, Convergent Outsourcing, Inc., made at least two hundred (200) calls to (917) 749-8935 using an ATDS.

85.     Each call the Defendant,  Convergent Outsourcing, Inc., made to (917) 749-8935 in the last four years was made using an ATDS.

86.     Each call the Defendant, Convergent Outsourcing, Inc., made to the Plaintiff's home and cell phone was done so without the "express permission" of the Plaintiff.

87.     Defendant, Convergent Outsourcing, Inc., has called other people's cell phones without their express consent.

88.     Each call the Defendant, Convergent Outsourcing, Inc., made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

89.     The calls at issue were placed by the Defendant, Convergent Outsourcing, Inc., using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

90.     Plaintiff repeatedly requested the Defendant to stop calling  his home and cell phone, however, the Defendant, Convergent Outsourcing, Inc., continued to make calls.

91.     Defendant, Convergent Outsourcing,  Inc., has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

92.     Plaintiff's conversations with the Defendant, Convergent Outsourcing, Inc., putting them on notice that he did not want more phone calls were ignored.

93.     Defendant, Convergent Outsourcing, Inc., has recorded at least one conversation with the Plaintiff.

94.     Defendant, Convergent Outsourcing, Inc., has recorded numerous conversations with the Plaintiff.

95.     Defendant, Convergent Outsourcing, Inc., has made approximately two hundred (200) calls to Plaintiff's aforementioned home and cellular telephone numbers since in or about January of 2018 which will be established exactly once Defendant turns over their dialer records.

96.     Despite actual knowledge of their wrongdoing, the Defendant, Convergent Outsourcing,  Inc., continued the campaign of abusive robocalls.

97.     Defendant, Convergent Outsourcing, Inc., has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

98.     By effectuating these unlawful phone calls, Defendant, Convergent Outsourcing, Inc., has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

99.     Defendant,  Convergent Outsourcing, Inc.'s, aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his home and cellular telephone line, by intruding upon Plaintiff's seclusion.

100.    Defendant,   Convergent Outsourcing, Inc.'s, phone calls harmed Plaintiff by wasting his time.

101.    Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used."  In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007).  Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

102.    Defendant, Convergent Outsourcing, Inc.'s, corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have mistakenly believed it had.

103.    Defendant, Convergent Outsourcing, Inc.'s, corporate policy and procedures provided no means for the Plaintiff to have his aforementioned home and cellular numbers removed from the call list.

104.    Defendant, Convergent Outsourcing, Inc., has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

105.    Plaintiff expressly revoked any consent Defendants may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned home and cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendants' placement of the calls.  Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

106.    Defendants never had the Plaintiff's expressed consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

107.    None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

108.    Defendants violated the TCPA, FDCPA and FCCPA with respect to the Plaintiff.

109.    Defendants willfully or knowingly violated the TCPA with respect to the Plaintiff.

## <u>COUNT I</u>
### (Violation of the TCPA Against LVNV Funding, LLC)

110.    Plaintiff incorporates Paragraphs one (1) through sixty-six (66) and on hundred and five (105) through one hundred and nine (109).

111.    Defendant, LVNV Funding, LLC,  willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after he revoked his consent to be called by them using an ATDS or pre-recorded voice.

112.    Defendant, LVNV Funding, LLC, knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's home and cellular

telephones after Plaintiff revoked his consent to be called by them using an ATDS or pre-recorded voice.

113.    Defendant, LVNV Funding, LLC, repeatedly placed non-emergency telephone calls to the home and wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

114.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

115.    Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, LVNV Funding, LLC, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA Against LVNV Funding, LLC)

116.    Plaintiff incorporates Paragraphs one (1) through sixty-six (66) and one hundred and five (105) through one hundred and nine (109).

117.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

118.    Defendant, LVNV Funding, LLC,  engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

119.    Defendant, LVNV Fundng, LLC, engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

120.    Defendant, LVNV Funding, LLC,  engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## <u>COUNT III</u>
### (Violation of the FCCPA Against LVNV Funding, LLC)

121.    Plaintiff incorporates Paragraphs one (1) through sixty-six (66) and one hundred and five (105) through one hundred and nine (109).

122.    At all times relevant to this action Defendant,  LVNV Funding, LLC, is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

123.    Defendant, LVNV Funding, LLC, has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

124.    Defendant,  LVNV Funding, LLC, has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

125.    Defendant, LVNV Funding, LLC, has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

126.    Defendant, LVNV Funding, LLC's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LVNV Funding, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

### COUNT IV
### (Invasion of Privacy – Intrusion Upon Seclusion Against LVNV Funding, LLC)

127.    Plaintiff incorporates Paragraphs one (1) through sixty-six (66) and and one hundred and five (105) through one hundred and nine (109).

128.    Defendant, LVNV Funding, LLC, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

129.    All of the calls made to Plaintiff's home and cell phone by Defendant, LVNV Funding, LLC, and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

130.    Defendant's persistent autodialed calls to his home and cellular phones eliminated Plaintiff's right to be left alone.

131.    Defendant, LVNV Funding, LLC's, autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during his work, and continually frustrated and annoyed Plaintiff.

132.    These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

133.    By calling his home and cellular phone, Plaintiff had no escape from these collection calls either in his home or when he left the home.

134.    By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant, LVNV Funding, LLC, invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

135.    Defendant, LVNV Funding, LLC's,  harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to both his home and cellular phone after requests to stop is highly offensive to a reasonable person.

136.    Defendant,  LVNV Funding, LLC, intentionally intruded upon Plaintiff's solitude and seclusion.

137.    As a result of Defendant, LVNV Funding, LLC's, action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LVNV Funding, LLC, for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

### COUNT V
### (Violation of the TCPA Against Convergent Outsourcing, Inc.)

138.    Plaintiff incorporates Paragraphs one (1) through twenty-four (24) and sixty-seven (67) through one hundred and nine (109).

139.     Defendant, Convergent Outsourcing, Inc., willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after he revoked his consent to be called by them using an ATDS or pre-recorded voice.

140.     Defendant, Convergent Outsourcing, Inc., knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's home and cellular telephone after Plaintiff revoked his consent to be called by them using an ATDS or pre-recorded voice.

141.     Defendant, Convergent Outsourcing, Inc., repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

142.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

143.     Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, Convergent Outsourcing, Inc., from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT VI**
**(Violation of the FDCPA Against Convergent Outsourcing, Inc.)**

144.     Plaintiff incorporates Paragraphs one (1) through twenty-four (24) and sixty-seven (67) through one hundred and nine (109).

145.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

146.    Defendant, Convergent Outsourcing, Inc., engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

147.    Defendant, Convergent Outsourcing, Inc., engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

148.    Defendant, Convergent Outsourcing, Inc., engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## <u>COUNT VII</u>
### (Violation of the FCCPA Against Convergent Outsourcing, Inc.)

149.    Plaintiff incorporates Paragraphs one (1) through twenty-four (24) and sixty-seven (67) through one hundred and nine (109).

150.    At all times relevant to this action Defendant,  Convergent Outsourcing, Inc., is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

151.    Defendant, Convergent Outsourcing, Inc., has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

152.    Defendant,  Convergent Outsourcing, Inc., has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

153.    Defendant, Convergent Outsourcing, Inc., has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

154.    Defendant, Convergent Outsourcing, Inc.'s, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Convergent Outsourcing, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

### COUNT VIII
**(Invasion of Privacy – Intrusion Upon Seclusion Against Convergent Outsourcing, Inc.)**

155.    Plaintiff incorporates Paragraphs one (1) through twenty-four (24) and sixty-seven (67) through one hundred and nine (109).

156.    Defendant, Convergent Outsourcing, Inc., through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

157.    All of the calls made to Plaintiff's home and cell phones by Defendant, Convergent Outsourcing, Inc., and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

158.    Defendant's persistent autodialed calls to his home and cellular phone eliminated Plaintiff's right to be left alone.

159.    Defendant, Convergent Outsourcing, Inc.'s, autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during his work, and continually frustrated and annoyed Plaintiff.

160.    These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cellular phone.

161.    By calling his home and cellular phones, Plaintiff had no escape from these collection calls either in his home or when he left the home.

162.    By persistently autodialing Plaintiff's home and cellular phones without prior express consent, Defendant, Convergent Outsourcing, Inc., invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

163.    Defendant, Convergent Outsourcing, Inc.'s,  harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to both his home and cellular phones after requests to stop is highly offensive to a reasonable person.

164.    Defendant, Convergent Outsourcing, Inc., intentionally intruded upon Plaintiff's solitude and seclusion.

165.    As a result of Defendant, Convergent Outsourcing, Inc.'s, action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Convergent Outsourcing, Inc., for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

21

Respectfully submitted,

*Amanda J. Allen, Esq.*
**Amanda J. Allen, Esquire**
Florida Bar No. 0098228
William Peerce Howard, Esquire
Florida Bar No. 0103330
THE CONSUMER PROTECTION FIRM
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*